SAMUEL L. BROWN and others vs. OLIVER R. BABCOCK, administrator, &c., and others.

An *administrator* of a deceased surety to a joint and several bond, cannot be sued *jointly* with the surviving sureties. 1 Tidd's Pr. 6 and 7; 11 John. 18; 1 Dunlap's Pr. 18; id. 30; 1 Chitty's Pl. 28; id. 34, ed. of 1819; Viner's Abr., Letter D., for the reason that the Plaintiff cannot have the same *judgment* against the administrator as against the survivors.

Where, in such an action, (of debt) commenced previous to the 1st of July last, the administrator Defendant (being the only Defendant served) pleaded *non est factum* merely, and the Plaintiffs applied to the court to amend, by striking out all the Defendants except the administrator; *held*, that the amendment was fully athorized by the 149th section of the Code of Procedure; and that the last clause of this section, which seems to limit the power of amendment when substantially changing the cause of action or defence, is confined to the last case of amendment provided for in the section, to wit, "or by conforming the pleading or proceeding to the facts proved." That the statute of amendments (2 R. S. 424, 5 and 6) is undoubtedly retained by the code, and should be considered in connection with it.

It would seem, from the striking similarity of the expression in the 149th section of the code, and the Revised Statutes, (2 R. S. 424, § 2,) as to the terms upon which amendments should be allowed, that the decisions of the courts under the Revised Statutes may be considered as safe guides, as to the terms upon which similar amendments are to be allowed by the courts under the code. (See 6 Hill, 377; *ante*, 173.)

Z. T. BENTLEY, *for Plaintiffs.*
J. RUGER, *for Defendant.*

*September 28th*, 1848.—This is an action of debt, brought upon a guardian's bond against the guardian and his sureties. The suit was commenced in December, 1847, and the bond is joint and several; and one of the sureties, Dennison Brown, having died, the Plaintiffs bring a joint action against the two survivors and the administrator of Dennison Brown, and the process is alone served upon the Defendant, Oliver R. Babcock, the administrator of Dennison Brown, who alone appears in the suit and pleads simply "*non est factum.*" The Plaintiffs then notice the cause for trial at the circuit, but do not move the trial thereof.

MASON, Justice.—The Plaintiffs in this case have committed an error in sueing the survivors upon this bond, with the administrator of the deceased party; and if they had gone to trial without amendment, must have been non-suited. (1 Tidd's Pr. 6 and 7; 11 John. R. 18; 1 Dunlap's Pr. 18; id. 30; 1 Chitty's Pl. 28; id. 34, ed. of 1819; Viner's Abr., letter D.) The law is well settled that the administrator cannot be joined with the survivors in a suit upon such a bond, and the reason is apparent; the Plaintiffs cannot have the same judgment against the administrator that he would have against the survivors. It is true this being a joint and several bond, he could sue the administrator separately, and this is virtually what the Plaintiffs now ask to have done by this motion to strike out the names of the other two Defendants from the suit. There can be no doubt but this amendment is fully authorized by the 149th section of the Code of Procedure. (Laws of 1848, page 526.) The counsel for the Defendant insisted that upon the pleadings as they were, the Defendant who alone was served and had appeared in the suit, stood Defendant, and denied the right of the court to allow this amendment—claiming that the latter clause of the 149th section, *supra*, qualified the whole of this section of the code, and that the court had no power to allow any amendment under this section, which changed substantially the cause of action, or the defence, claiming, at the same time, that the amendment changed substantially the Defendant's defence. This I apprehend is not the true construction of this section of the code; I think this clause of the 149th section, which seems to limit the power of amendment, is confined to the last case of amendment provided for in this section, to wit: the power of amendment by conforming the pleading or proceeding to the facts proved, and the statute of amendments as contained in the Revised Statutes, is undoubtedly retained by the code, and I do not see that there is any conflict between the two; and I apprehend the design of the code was to leave the statute of amendments as contained in part 3, chap. 7, title 5, art. 4th of Revised Statutes, (2 R. S. 424, 5 and 6,) untouched; and these provisions in relation to amendments, as contained in the code, are to be considered only in addition to, and as a further power of amendment conferred upon the courts; and it seems to me, we must consider these provisions of the Revised Statutes in relation to amendments in connection with the provisions of the code. The 1st section of the statute of amendments, as contained in the Revised Statutes, (2 R. S. 424,) is as follows: " The court in which any action is pending shall have power to amend any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at

any time before judgment rendered therein;" and the 149th section of the code (Laws of 1848, p. 526,) is as follows: "The court may at any time in furtherance of justice and on such terms as may be proper, amend any pleading or proceeding by adding or striking out the name of any party, or a mistake in any other respect, or by inserting other allegations material to the case, or by conforming the pleading or proceeding to the facts proved, whenever the amendment shall not change substantially *the cause of action or defence.*" And the second section of the statute of amendments as contained in the Revised Statutes, is as follows: "If such amendment be made to any pleading in matter of substance, the adverse party shall be allowed an opportunity according to the course and practice of the court to answer the pleading so amended." (2 R. S. 424, § 2.) Now I apprehend this section of the statute should be considered as applying to the amendments of the pleadings allowed by this 149th section of the code, so far as the same can be made applicable, and this section should be considered as limiting and furnishing directions to the courts in relation to the terms upon which those amendments should be allowed. In this case the Defendants' attorney affirms that he stood securely upon the plea of *non est factum*, knowing that when the Plaintiff had shown his case to the court, that he should be able to non-suit him for the misjoinder of parties, and that therefore he omitted to plead *plene administravit*, and other good pleas, which he had to interpose, and which he affirmed the Defendant designs to interpose in case this amendment is allowed, and which it will be necessary for the Defendant to plead in order to substantiate his defence in case the amendment asked for is granted. And I apprehend that it was to guard against the practice of injustice by the courts in allowing amendments in such cases that this second section of the Revised Statutes, *supra*, was enacted; and that it is a safe guide for the courts in allowing all the amendments under the code to which it can be made applicable, I apprehend cannot be doubted. The amendment asked for in the present case must be allowed, and the only question is as to the terms upon which this court should allow such an amendment under the code. The language of this 149th section of the code as to the terms upon which amendments are to be allowed are very similar to those contained in the R. S.; the language of this section of the code is " *in furtherance of justice and on such terms as may be proper,*" and the language as contained in the Revised Statutes is, "*for the furtherance of justice and on such terms as shall be just;*" and it would seem, therefore, from the striking similarity of the expression in the two statutes, as to the terms upon which amendments should be allowed, that

the decision of the courts under the Revised Statutes may be considered as safe guides as to the terms upon which similar amendments are to be allowed by the courts under the code; and the practice is well settled in the former case. (*Downer* v. *Thompson*, 6 Hill's R. 377 ; *John L. Carrier* v. *Henry A. Dellay*, 3d vol. Howard's Pr. Reps., 173.) The terms upon which the amendments were allowed in the cases above cited were the payment of all costs of the opposing party up to the time of granting the amendment; and this construction of the code was substantially adopted, in two cases to which I am referred, by Justice Edmonds at the Erie circuit in July last, in allowing an amendment by striking out the name of one of the Defendants in a case of *Bentz* v. *Brosnon & Crocker*; and a similar rule in a case of *Jackson et al.* v. *Saunders et al.* The amendments in these cases were allowed to save the Plaintiffs from a nonsuit, and upon the terms of the Plaintiffs' paying the costs of the plea and of all subsequent proceedings, and the trials to be postponed in both cases, and in the latter case the Defendants to have twenty days to plead to the amended declaration. The Defendant who has appeared in this suit had a right to insist that he could not be served jointly with the survivors upon this bond, and if he depended upon that ground alone he was but asserting his legal rights, and doing no more than the law fully sanctions, and if he depended upon that ground alone and would not have incurred the expense of defending had he not been illegally joined with the other Defendants in the suit, then I apprehend it is but just that the Plaintiffs should pay all of the Defendant's costs in the suit and the costs of opposing this motion; but if, on the contrary, the Defendant would have defended the suit upon other grounds, then it seems to me that a different rule should prevail, and this amendment should be allowed upon other and different terms, and this question is very easily solved by the Defendant's position. Hereafter, if he abandons his defence upon all other grounds than the one of misjoindure, and does not ask permission to plead after the amendments, then the Plaintiffs should pay all his costs and the costs of opposing this motion, but if, on the contrary, the Defendant comes in and asks to plead, and sets up other defences, then I think the amendments should be allowed on the Plaintiffs' paying the costs of the former plea and ten dollars costs of opposing this motion ; and upon those terms the Plaintiffs' motion to strike out the names of the two Defendants is granted; and that there may be no misunderstanding between the attorneys in this suit, let the rule be that the Plaintiffs' amendment is granted on payment of the costs of the former plea, and ten dollars costs of opposing this motion, unless the Defendant's attor-

ney stipulates within ten days after service of a copy of the rule to waive other defences, and if such stipulation is given by Defendant's attorney, then the amendment is allowed only on the payment of all the Defendant's costs of the suit, and ten dollars costs of opposing this motion.